## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VIP AUTO GLASS, INC., individually, as
assignee, and on behalf of all those similarly
situated

       Plaintiff,

       vs.

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

_____\

CASE NO.:

8:16 CV 2012T 35 JSS

### DEFENDANT'S NOTICE OF REMOVAL

       Defendant, GEICO General Insurance Company ("GEICO General"), removes this case from the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, to the United States District Court for the Middle District of Florida.  GEICO General removes this case pursuant to: (i) 28 U.S.C. §§ 1441 and 1446; and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453.  GEICO General states as follows in support of removal:

## I.    BACKGROUND

       1.    Plaintiff, VIP Auto Glass, Inc. ("VIP Auto") filed this civil action against GEICO General on or about June 1, 2016, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 16-CA-005203 (the "State Court Action").   VIP

Auto asserts the State Court Action on behalf of itself and a putative class of allegedly similarly situated individuals or entities in Florida.[1]

2.      VIP Auto alleges that GEICO General has a pattern and practice of failing to pay the full amount it charges for windshield repair and/or replacement services, which are submitted for reimbursement under comprehensive coverage in GEICO General's motor vehicle insurance policies.

3.      GEICO General's motor vehicle insurance policies contain a provision outlining the amount it must pay for windshield repair and/or replacement services.  This provision establishes a limit on GEICO General's liability and requires it to pay the prevailing competitive price, which is defined as the price that GEICO General can secure from a competent and conveniently located repair facility.

4.      VIP Auto disputes that this provision allows GEICO General to issue payment for any amount less than the amount charged for windshield repair and/or replacement services.  Instead, VIP Auto alleges that GEICO General's reduction to the amount charged by a windshield repair facilities allegedly exposes an insured to liability for the unpaid balance.

5.      According to VIP Auto, this potential exposure to an insured therefore creates a "de facto" unlawful deductible on the insured that violates the terms of GEICO General's policy and Section 627.7288, Florida Statutes.  In the alternative, VIP Auto alleges that GEICO General's reduced payment unlawfully reduces the amount of coverage to which a GEICO General insured is statutory and contractually entitled.  VIP Auto further alternatively alleges

---

[1] GEICO General relies upon Plaintiffs' allegations regarding the nature of the putative class only for purposes of jurisdiction under CAFA.  GEICO General denies that the putative class is properly defined and that this case is proper for class treatment under the Federal Rules of Civil Procedure and governing authority.

that the Limit of Liability is vague, ambiguous and/or susceptible to more than one interpretation and should therefore be interpreted to require GEICO General to pay VIP Auto and the putative class members based upon the amount charged for windshield repair and/or replacement services.

6.   The State Court Action seeks declaratory and injunctive relief.  VIP Auto further contends that monetary damages are appropriate and asserts a claim for reasonable attorney's fees and costs.

## II.   GROUNDS FOR REMOVAL

7.   This case is removable pursuant to 28 U.S.C. §§ 1332(d) and 1441(a) of CAFA.

### Removal is Timely

8.   The State Court Action was filed on June 1, 2016 and served on June 13, 2016.

9.   This Notice of Removal is therefore timely filed within thirty days after GEICO General was formally served with the Complaint.  *See* § 28 U.S.C. 1446(b)(3); *Murphy Bros., Inc. v. Michetti Pipe String, Inc.*, 526 U.S. 344, 347-48 (1999)); ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Edwards v. Apple Computer, Inc.*, ___ Fed Appx. ___, 2016 WL 888596 (11th Cir. Mar. 9, 2016) ("A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint through service or otherwise, and not by receipt of the complaint 'unattended by any formal service.'").

**This Court has Original Jurisdiction**

10.     This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1441(a).

11.     Under 28 U.S.C. § 1332(d)(2) and (d)(5)(B), this Court has original jurisdiction. Under these sections original jurisdiction exists when (i) the civil action in question is a class action in which there are at least 100 putative class members; (ii) diversity of citizenship exists between any class member and any defendant; and (iii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2) and (d)(5)(B).

12.     Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In light of *Dart Cherokee*, the Eleventh Circuit has held:  "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

*The Proposed Class Exceeds 100 Members.*

13.     A civil action constitutes a "class action" under CAFA if: (i) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;" and (ii) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." 28 U.S.C. § 1332(d)(1)(B), (d)(2) and (d)(5)(B) (emphasis added).

4

14.     The State Court Action attempts to assert the purported claims in this case pursuant to Florida Rule of Civil Procedure 1.220 on behalf of the following putative class:

> [A]ll persons or other entities who, within the five-year time period prior to the date on which this lawsuit was filed:
>
> a. owned a windshield repair facility located in the State of Florida;
>
> b. were hired by a person or other entity insured by Defendant in the State of Florida who was covered by an insurance policy purporting to provide windshield insurance coverage without a deductible;
>
> c. provided windshield repair and/or replacement services to said insured;
>
> d. own an assignment of benefits from said insured;
>
> e. submitted bill(s) to Defendant for payment; and
>
> f. did not receive full payment from Defendant;
>
> but excluded from the Class are any such persons or entities whose claims otherwise described above: (i) have already been fully paid by the insured or Defendant or were otherwise satisfied through litigation or settlement; and/or (iii [sic] are the subject of pending litigation against Defendant as of the date of any class certification order or other deadline established by the Court (the "Class").

Complaint, ¶ 40; 28 U.S.C. § 1332(d)(1)(B).

15.     Plaintiff alleges that it believes the number of class members well exceeds the threshold of 100: "While the exact number of class members is unknown at this time, Plaintiff submits that there are hundreds of potential class members in this action. Accordingly, Plaintiff has a good faith reason to believe that, during the material time period described by the class definition herein, there are hundreds of windshield repair facilities who are potential class members in this action ..." Complaint, ¶ 42.

16.     GEICO General has identified over 500 distinct windshield repair facilities that fit the description of the "Class" as defined by Plaintiff in the Complaint, well exceeding the 100

class member threshold.   This action is therefore a "class action" under 28 U.S.C. § 1332(d)(1)(B), (d)(2) and (d)(5)(B).

**_Diversity of Citizenship Exists_**

17.    Diversity of citizenship exists under § 1332(d).   Under CAFA diversity of citizenship is established where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).   The courts often refer to this as "minimal diversity." *See Hill v. National Ins. Underwriters, Inc.,* ___ Fed. Appx. ___, 2016 WL 158850, *2 (11th Cir. Jan. 14, 2016).

18.    For the purposes of 28 U.S.C. § 1332(d), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).   A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – or the corporation's "'nerve center.'" *See Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010).

19.    Plaintiff's Complaint alleges that Plaintiff is a Florida corporation that "provides automotive windshield repair and replacement services in the State of Florida." Complaint, ¶ 3. Plaintiff also alleges that "Defendant is a foreign corporation." Complaint, ¶ 4. Thus, Plaintiff's Complaint alleges facts establishing sufficient minimal diversity under CAFA.

20.    Plaintiff correctly alleges that GEICO General is a foreign company.   GEICO General is and was at the time of filing of the State Court Action, a company organized under Maryland law, with its principal place of business in Maryland. *Friend,* 130 S.Ct. at 1192. GEICO General is therefore a citizen of Maryland.   28 U.S.C. § 1332(c)(1).   Because Plaintiff is

a citizen of Florida, and GEICO General is a citizen of a different state, diversity of citizenship exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

### *The Amount in Controversy Requirement is Satisfied.*

21.    A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs..." 28 U.S.C. § 1332(d)(2).

22.    To determine whether the matter in controversy exceeds the $5,000,000 threshold, "the claims of individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(6)). "And those 'class members' include 'persons (named or unnamed ) who fall within the definition of the *proposed or certified class.*'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

23.    Consistent with Florida practice, Plaintiff did not plead a specific amount in controversy. Rather, Plaintiff merely alleged that the amount in controversy exceeded $15,000 in order to satisfy the jurisdictional requirements for state circuit court jurisdiction. Complaint, ¶ 2. *See Ellison v. Coca-Cola Refreshments USA, Inc.*, 215CV00246FTM29MRM, 2015 WL 6769449, at *1 (M.D. Fla. 2015) ("In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue is whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000."); *Mangano v. Garden Fresh Rest. Corp.*, 215CV477FTM99MRM, 2015 WL 5953346, at *1 (M.D. Fla. 2015); *Hernandez v. Burlington Coat Factory of Florida*, LLC, 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. 2015).

24.     In such circumstances, the U.S. Supreme Court has held that "a defendant's notice
of removal need include only a plausible allegation that the amount in controversy exceeds the
jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547,
554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-
controversy allegation should be accepted when not contested by the plaintiff or questioned by
the court." *Id.* at 553. "In other words, all that is required is a 'short and plain statement of the
grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds
the jurisdictional threshold.'" *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 912 (11th Cir. 2014)
(quoting *Dart Cherokee*, 135 S.Ct. at 551, 554); *see also Ellison v. Coca-Cola Refreshments
USA, Inc.*, Case No. 15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) ("[a]
Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.");
*Schaefer v. Seattle Service Bureau, Inc.*, Case No. 15-cv-444, 2015 WL 6746614, at *3 (M.D.
Fla. Nov. 5, 2015) ("a defendant's notice of removal need include only a plausible allegation that
the amount in controversy exceeds the jurisdictional threshold; the notice need not contain
evidentiary submissions.").

25.     The amount put in controversy by VIP Auto's and the putative class members'
claims, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.
The Complaint seeks declaratory relief (Count I), injunctive relief (Count II), and damages
(Count III) on behalf of the putative Class.

26.     During the alleged class period starting June 1, 2011 until the filing of the
Complaint, GEICO General processed and paid approximately 23,070 claims for windshield
repair and/or replacement where GEICO General paid an amount less than the bill submitted by
the windshield repair facility, which bill was submitted pursuant to a purported assignment of

benefits, and where GEICO General's payment was based upon the policy language challenged by Plaintiff in the Complaint. The foregoing claims do not include windshield repair facilities that have agreed to accept payment from GEICO General in any particular amount or pursuant to any other agreement. The total difference of the amount billed and the amount paid by GEICO General was approximately $6,286,989.27. Of this amount, the total of all readjusted claims and claims that were ever in suit (open or now closed) is $1,113,366.95.[2]   The coverage at issue does not contain specified policy limits, and therefore none of the subject claims would be subject to potential exhaustion of benefits.

27.     Should Plaintiff seek equitable or compensatory relief for claims that arise after the filing of the Complaint, GEICO General projects the amount in controversy to grow substantially based upon the trends of its claim experience.

28.     Plaintiff is also seeking to recover its attorneys' fees pursuant to Section 627.428, Florida Statutes. *See* Complaint, ¶¶ 64, 69, 77 . A "reasonable amount" of attorneys' fees authorized by statute may therefore be "included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company*, No. 15-cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff

---

[2] GEICO General contends that Plaintiff has improperly attempted to define a class for declaratory and equitable relief that excludes any claims that are "the subject of pending litigation against Defendant as of the date of any class certification order or other deadline established by the Court" and reserves the right to challenge Plaintiff's class definition for all purposes, including subject matter jurisdiction.

prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co.*, No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

29.     GEICO General believes that the equitable relief and compensatory damages sought in the State Court Action are too individualized and otherwise not proper for class certification.  However, GEICO General provides the above calculation of the aggregate amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

30.     It is therefore clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

**The CAFA Exceptions Do Not Apply**

31.     The mandatory and discretionary exceptions to removal under 28 U.S.C. § 1332(d) do not apply in this case.

32.     The "Local Controversy" Exception Does Not Apply.  Even though many of the putative class members may be citizens of Florida, CAFA's "local controversy" exception, set forth in 28 U.S.C. § 1332(d)(4)(A), does not apply.  This exception applies only if, among other factors:

> at least 1 defendant is a defendant - - (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i)(II).  As noted above, GEICO General is a citizen of Maryland - not Florida, "the State in which [this] action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II).

33.   The "Home State Controversy" Exception Does Not Apply.   Similarly, even though many of the putative class members may be citizens of Florida, CAFA's "home state controversy" exception, set forth in 28 U.S.C. § 1332(d)(4)(B), does not apply.   CAFA's "home state controversy" exception requires a court to decline CAFA jurisdiction if "two thirds or more of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).   As established above, GEICO General is a citizen of Maryland - not Florida, "the State in which [this] action was originally filed." 28 U.S.C. § 1332(d)(4)(B).   Accordingly, this exception cannot apply.

34.   The Discretionary Exception Does Not Apply.   Finally, the discretionary exception to CAFA jurisdiction is also inapplicable in this case.   28 U.S.C. § 1332(d)(3)(A)-(F). Under CAFA, a court may, at its discretion, decline to exercise CAFA jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *Id.* Because GEICO General is a citizen of Maryland - not Florida - this exception cannot apply.

**PROCEDURAL STATEMENT**

35.   Process and Pleadings.   Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as Exhibit A.

36.   Removal is Timely.   A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

or has become removable. 28 U.S.C. § 1446(b). The State Court Action was served on GEICO General on June 13, 2016. This Notice of Removal is therefore timely filed.

37.     Removal to Proper Court.  This Court is the "district court for the United States for the district and division within which" the State Court Action is pending. 28 U.S.C. § 1446(a). GEICO General's Notice of Removal has therefore been filed in the proper court.

38.     Notice to State Court.  A copy of GEICO General's Notice of Removal is being filed with the Clerk of the Court of the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, and written notice is being served on VIP Auto as required by 28 U.S.C. § 1446(d).

39.     GEICO General reserves all defenses and objections to VIP Auto's claims.

WHEREFORE, GEICO General removes this action from the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, to the United States District Court for the Middle District of Florida.

Dated: July 13, 2016

Respectfully Submitted,

John P. Marino, Trial Counsel
Lindsey R. Trowell
Edward K. Cottrell
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598- 6204
Email:  jmarino@sgrlaw.com
          ltrowell@sgrlaw.com
          ecottrell@sgrlaw.com

*Attorneys for Defendant*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

J. Daniel Clark
Matthew A. Crist
CLARK MARTINO, P.A.
3407 West Kennedy Boulevard
Tampa, Florida 33609
Phone: (813) 879-0700
Facsimile: (813) 879-5498
Email: dlcark@clarkmartino.com
        mcrist@clarkmartino.com
        rsmith@clarkmartino.com

David M. Caldevilla
De la PARTE & GILBERT, P.A.
Post Office Box 2350
Tampa, FL 33601-2350
Phone: (813) 229-2775
Email: dcaldevilla@dgfirm.com
        serviceclerk@dgfirm.com

Attorney