UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated

      Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

CASE NO.: 8:16-CV-02012-MSS-JSS

CLASS ACTION

## DEFENDANT, GEICO GENERAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, GEICO General Insurance Company ("Defendant" or "GEICO General"), responds as follows to the correspondingly numbered paragraphs of Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint"):

1. Defendant acknowledges that Plaintiff attempts to assert the identified claims, but denies that the relief requested by Plaintiff is appropriate.

2. Defendant admits the allegations of this paragraph for jurisdictional purposes only.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

4. Defendant admits that it is a foreign corporation doing business under the laws of the State of Florida that sells automobile insurance in the state of Florida. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

5. Defendant admits that venue is proper in Hillsborough County, Florida. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

6. Defendant denies the allegations of this paragraph.

7. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant admits the existence of Section 627.7288, Florida Statutes, and states that the statute, together with applicable case decisions, is the best evidence of its provisions. Otherwise, Defendant denies the allegations of this paragraph.

8. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

9. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

10. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

11. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant states that the coverage terms of its insurance policies, taken as a whole, are the best evidence of the coverage provided. Otherwise, Defendant denies the allegations of this paragraph.

12. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant states that the coverage terms of its insurance policies, taken as a whole, are the best evidence of the coverage provided. Otherwise, Defendant denies the allegations of this paragraph.

13. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant states that the coverage terms of its insurance policies, taken as a whole, are the best evidence of the coverage provided. Otherwise, Defendant denies the allegations of this paragraph.

14. Defendant admits that Deryl Jones was insured under an insurance policy issued by Defendant and in force at the time of the alleged windshield repair or replacement and that Defendant is in possession of a copy of the subject policy. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

15. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant states that the coverage terms of its insurance policies, taken as a whole, are the best evidence of the coverage provided. Otherwise, Defendant denies the allegations of this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

20. Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

24. Defendant denies the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

26. Defendant denies the allegations of this paragraph.

27. Defendant denies the allegations of this paragraph.

28. Defendant denies the allegations of this paragraph.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

36. Defendant denies the allegations of this paragraph.

37. Defendant denies the allegations of this paragraph.

38. Defendant denies the allegations of this paragraph.

39. Defendant acknowledges that Plaintiff filed this action as a putative class action, but denies that the putative class can be certified under governing law.[1]

40. Defendant acknowledges that Plaintiff attempts to define a class in this paragraph, but denies that the putative class is ascertainable or can be certified under governing law.

41. Defendant acknowledges that Plaintiff attempts to reserve the stated rights, but states that such rights depend on governing law. Otherwise, Defendant denies the allegations of this paragraph.

42. Defendant admits that the putative class that Plaintiff attempts to define would include more than one hundred class members. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

43. Defendant denies the allegations of this paragraph.

44. Defendant denies the allegations of this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

47. Defendant acknowledges that Plaintiff attempts to certify a class pursuant to Florida Rule of Civil Procedure 1.220(b)(2), but denies that the proposed class could be properly certified.

48. Defendant acknowledges that Plaintiff attempts to certify a class pursuant to Florida Rule of Civil Procedure 1.220(b)(3), but denies that the proposed class could be properly certified.

---

[1] Defendant reserves the right to challenge the sufficiency of Plaintiff's class allegations and the class treatment of this case, at the appropriate stage of the case.

49. Defendant acknowledges that Plaintiff attempts to assert a claim for declaratory relief, but denies that the relief requested by Plaintiff is appropriate.

50. Defendant incorporates and reasserts each of its responses to the like numbered paragraphs identified as realleged and incorporated by Plaintiff.

51. Defendant acknowledges that a dispute exists with Plaintiff as to the required payment amount for windshield repair or replacement services under Defendant's insurance policy, but denies that Plaintiff has made a correct and complete statement of Defendant's positions and denies that Plaintiff is entitled to the requested relief. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

52. Defendant acknowledges that a dispute exists with Plaintiff as to the required payment amount for windshield repair or replacement services under Defendant's insurance policy, but denies that Plaintiff has made a correct and complete statement of Defendant's positions and denies that Plaintiff is entitled to the requested relief. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

53. Defendant acknowledges that a dispute exists with Plaintiff as to the required payment amount for windshield repair or replacement services under Defendant's insurance policy, but denies that Plaintiff has made a correct and complete statement of Defendant's positions and denies that Plaintiff is entitled to the requested relief. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

54. Defendant acknowledges that a dispute exists with Plaintiff as to the required payment amount for windshield repair or replacement services under Defendant's insurance policy, but denies that Plaintiff has made a correct and complete statement of Defendant's positions and

denies that Plaintiff is entitled to the requested relief. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

55. Defendant acknowledges that a dispute exists with Plaintiff as to the required payment amount for windshield repair or replacement services under Defendant's insurance policy, but denies that Plaintiff has made a correct and complete statement of Defendant's positions and denies that Plaintiff is entitled to the requested relief. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

56. Defendant denies the allegations of this paragraph.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

58. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

59. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

60. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

61. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

62. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

63. Defendant states that this paragraph is a statement of Plaintiff's legal contentions to which no response should be required. To the extent a response is required, Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant acknowledges that Plaintiff attempts to assert a claim for injunctive relief, but denies that the relief requested by Plaintiff is appropriate.

66. Defendant incorporates and reasserts each of its responses to the like numbered paragraphs identified as realleged and incorporated by Plaintiff.

[Defendant notes that the Complaint appears to have inadvertently been misnumbered starting on page 18, resulting in the reuse of paragraph numbers 65 and 66. In an attempt to minimize confusion, Defendant uses the numbering in sequence as it appears in the Complaint.]

65. Defendant denies the allegations of this paragraph.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

68. Defendant denies the allegations of this paragraph.

69. Defendant denies the allegations of this paragraph.

70. Defendant acknowledges that Plaintiff attempts to assert a claim for unpaid benefits, but denies that the relief requested by Plaintiff is appropriate.

71. Defendant incorporates and reasserts each of its responses to the like numbered paragraphs identified as realleged and incorporated by Plaintiff.

72. Defendant denies the allegations of this paragraph.

73. Defendant denies the allegations of this paragraph.

74. Defendant denies the allegations of this paragraph.

75. Defendant denies the allegations of this paragraph.

76. Defendant denies the allegations of this paragraph.

77. Defendant denies the allegations of this paragraph.

Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief at the conclusion of the Complaint.

Defendant further denies any allegations not specifically admitted above.

### **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any matter on which Plaintiff and/or putative class members bear the burden, Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's claim fails to state a claim upon which relief can be granted to Plaintiff and the putative class members.

2. The alleged assignments provided to Defendant by Plaintiff and putative class members may be insufficient to convey standing for Plaintiff and the putative class members to bring the claims asserted. For example, without limitation, Defendant has discovered that some windshield repair and replacement vendors use electronic claims systems that obtain signatures from insureds on forms other than an assignment of benefits, but then provide assignment of benefits to Defendant with a superimposed signature from the insured who has never seen the purported assignment of benefits.

3. The invoiced amount from putative class members may not be a correct statement of the amount originally charged for the services provided. For example, without limitation, Defendant has discovered that some alleged vendors who have billed Defendant for windshield repair and replacement services did not provide the services charged, but instead paid a third party for

windshield repair and replacement services claims and then invoiced Defendant an inflated amount for those services.

4. Some of the bills submitted by Plaintiff or putative class members to Defendant may have been fraudulently or otherwise impermissibly submitted to Defendant for payment. For example, without limitation, Defendant has discovered that some vendors who have billed Defendant for windshield repair may have done so without the knowledge or approval of Defendant's insureds by improperly obtaining Defendant's insureds' insurance information.

5. In the event that Plaintiff establishes that the Limitation of Liability in Defendant's policy does not govern the amount that Defendant is required to pay for windshield repair and replacement, the invoiced amount is not determinative of the amount that must be paid for the subject services; rather Plaintiff and the putative class must establish for each service the amount it is entitled to recover under Florida law.

6. Some of the claims of Plaintiff and the putative class members may be barred by the doctrines of waiver, estoppel, ratification, or other equitable doctrine. For example, without limitation, Plaintiff and the putative class members are, or should have been, aware of the amount Defendant is willing to pay for the subject windshield repair and replacement services due to actually having obtained estimates or work orders from Defendant (or intentionally or negligently not obtaining authorization and an estimate prior to performing the subject services) and by being aware through prior dealings of the manner in which Defendant pays for such services.

7. Some of the claims of Plaintiff and the putative class members may be barred by the doctrine of estoppel, a contract implied in fact or law, or other equitable doctrine. For example, without limitation, Plaintiff and the putative class members may have performed windshield repair or replacement services after having received from Defendant the amount Defendant was willing to pay for the subject services or being aware of Defendant's payment methodology, thereby constituting a

contract in fact or law or otherwise estopping them from seeking reimbursement greater than what they knew, or should have known, Defendant would pay.

8. Some of the claims of Plaintiff and the putative class members may be barred or limited by the failure to comply with obligations and conditions precedent to receiving payment, claiming additional payment, or bringing a lawsuit under the terms of the governing policy and Florida law.

9. Some of the claims of Plaintiff and the putative class members may be barred by the doctrine of accord and satisfaction.

10. Some of the claims of Plaintiff and the putative class members may be barred by the doctrines of res judicata and/or collateral estoppel.

11. Some of the claims of Plaintiff and the putative class members may be barred by the doctrine of release.

12. Some of the claims of Plaintiff and the putative class members may be barred by the doctrines of laches or abandonment.

13. Each claim of Plaintiff and each putative class member is subject to further review and challenge, and therefore an amount due for each service cannot be determined and a final judgment cannot be rendered as to some or all such claims.

14. Defendant may have a defense of overpayment or set-off as to some of the claims of Plaintiff and the putative class members.

15. Defendant may have a defense of fraud as to some of the claims of Plaintiff and the putative class members.

16. Plaintiff has failed to state a cause of action for declaratory relief because the relief Plaintiff seeks is an advisory opinion addressing future events and Plaintiff has an adequate

remedy at law. Also, to the extent that the declarations exceed the scope relief permitted under Florida law, such relief is not available and should therefore be denied.

17. Some of the claims of Plaintiff and the putative class members may be barred to the extent that they failed to mitigate their alleged damages.

Defendant reserves the right to assert additional defenses as its investigation and discovery proceeds in this case.

WHEREFORE, Defendant respectfully requests that Plaintiff's and/or class members' claims against it be dismissed and/or that judgment be entered in its favor, that Defendant be awarded its costs and reasonable attorneys' fees as allowed by law, and such further relief as the Court deems proper.

Respectfully Submitted,

*/s/ John P. Marino*
John P. Marino, Trial Counsel
Lindsey R. Trowell
Edward K. Cottrell
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598- 6204
Email: jmarino@sgrlaw.com
ltrowell@sgrlaw.com
ecottrell@sgrlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

| | |
|---|---|
| J. Daniel Clark, Esq.<br>Matthew A. Crist, Esq.<br>CLARK MARTINO, P.A.<br>3407 West Kennedy Boulevard<br>Tampa, Florida 33609<br>Phone: (813) 879-0700<br>Facsimile: (813) 879-5498<br>Email: dlcark@clarkmartino.com<br>       mcrist@clarkmartino.com<br>       rsmith@clarkmartino.com | David M. Caldevilla, Esq.<br>De la PARTE & GILBERT, P.A.<br>Post Office Box 2350<br>Tampa, FL 33601-2350<br>Phone: (813) 229-2775<br>Email: dcaldevilla@dgfirm.com<br>       serviceclerk@dgfirm.com |

*/s/ John P. Marino*
Attorney