UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated

    Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

_____\

CASE NO.: 8:16-CV-02012-MSS-JSS

CLASS ACTION

## AMENDED NOTICE OF TAKING DEPOSITION OF THE CORPORATE REPRESENTATIVE OF VIP AUTO GLASS, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant, GEICO General Insurance Company shall take the deposition of the Corporate Representative(s) of Plaintiff, VIP AUTO GLASS, INC., regarding the issues and topics described on the attached Exhibit A.

The deposition of the Corporate Representative(s) shall take place on Wednesday, May 24, 2017, at 1:00 p.m. at the offices of J. Daniel Clark, Clark Martino, P.A., 3407 W. Kennedy Blvd., Tampa, Florida 33609; (813) 879-0700. An authorized court reporter will be present to transcribe the deposition. The oral examination will continue from day to day until completed. Said deposition is to be taken for discovery purposes, for use as evidence at trial or other proceedings.

Date: May 17, 2017

Exhibit 1
ESQUIRE

Respectfully Submitted,

*/s/ Edward K. Cottrell*
John P. Marino, Trial Counsel
Lindsey R. Trowell
Edward K. Cottrell
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598- 6204
Email:  jmarino@sgrlaw.com
            ltrowell@sgrlaw.com
            ecottrell@sgrlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following counsel of record by electronic mail on this May 17, 2017:

J. Daniel Clark, Esq.
Matthew A. Crist, Esq.
CLARK MARTINO, P.A.
3407 West Kennedy Boulevard
Tampa, Florida 33609
Phone: (813) 879-0700
Facsimile: (813) 879-5498
Email: dclark@clarkmartino.com
cristm@cristlegal.com
rsmith@clarkmartino.com

David M. Caldevilla, Esq.
De la PARTE & GILBERT, P.A.
Post Office Box 2350
Tampa, FL 33601-2350
Phone: (813) 229-2775
Email: dcaldevilla@dgfirm.com
serviceclerk@dgfirm.com

/s/ Edward K. Cottrell
Attorney

## EXHIBIT "A"[1]

1. VIP's[2] initial disclosures in this case.

2. VIP's answers to interrogatories in this case.

3. VIP's responses to requests for production of documents in this case.

4. VIP's communications with Mr. Jones[3] regarding the replacement of the windshield of his vehicle, including invoicing and payment for those services.

5. VIP's communications with GEICO[4] concerning the replacement of the windshield of Mr. Jones's vehicle, including invoicing and payment for those services.

6. VIP's communications with any persons or entities other than Mr. Jones or GEICO concerning the replacement of the windshield of Mr. Jones's vehicle, including invoicing and payment for those services.

7. All costs incurred by VIP in replacing Mr. Jones's windshield, including the replacement windshield, all other materials, labor, and incentives or rebates paid to or received from any person or entity.

8. VIP's determination of the amount to charge GEICO for the replacement of Mr. Jones's windshield, including without limitation all resources referenced or relied upon in making the determination.

---

[1] The time period of these topics starts June 1, 2011 and runs to the present.

[2] "VIP", as used in this exhibit, means the plaintiff, VIP Auto Glass, Inc., and anyone acting on its behalf.

[3] "Mr. Jones," as used in this exhibit, mean the person identified in paragraph 13 of the First Amended Class Action Complaint as the "Insured Customer"

[4] "GEICO," as used in this exhibit, means the defendant, GEICO General Insurance Company and any of its affiliated companies, together with anyone acting on their behalf.

9. All auto glass networks in which VIP has been a participant, member, or otherwise associated with during the period five years prior to filing the complaint to the present.

10. All VIP agreements with windshield vendors during the period five years prior to filing the complaint to the present.

11. All agreements between VIP and any person or entity regarding the amount VIP will bill or accept as sufficient compensation for windshield repairs or replacements.

12. VIP's communications with Safelite Solutions[5] or any of its affiliated companies regarding participation in a network administered by Safelite Solutions.

13. VIP's communications with Safelite Solutions or any of its affiliated companies regarding the invoicing or payment of GEICO insurance claims.

14. VIP's communications with Safelite Solutions or any of its affiliated companies regarding the invoicing or payment of claims of insurance companies other than GEICO.

15. VIP's communications with any network other than Safelite Solutions or any of its affiliated companies regarding the invoicing or payment of claims of insurance companies other than GEICO.

16. All of VIP's practices or procedures for determining the amount to bill for windshield repair or replacement services, including the development of pricing amounts or methodology as well as all resources referenced or relied upon in determining those amounts or methodologies.

---

[5] "Safelite Solutions," as used in this exhibit, means Safelite Solutions, LLC and any of its affiliated companies, together with anyone acting on their behalf.

17. All of VIP's practices or procedures for complying with applicable Florida law concerning the repair or replacement of windshields as well as estimating or charging for those services.

18. All collection attempts and recoveries by VIP from persons insured by GEICO for amounts in addition to the amount GEICO paid for a windshield repair or replacement.

19. The pricing or payment amounts or methodologies applied by insurance companies other the GEICO for windshield repair or replacement services provided and invoiced by VIP.

20. Authenticate and discuss the circumstances concerning the creation of all documents produced by VIP in this action, including those documents Bates labeled P0001-10 (or any documents produced by Plaintiff after service of this notice).

21. Authenticate and discuss the circumstances concerning the creation of VIP invoicing and related payment documents produced in this case and identified as GG/VIP 000764-1060.

22. VIP's allegations in the First Amended Class Action Complaint in this case, including without limitation the following:

   a. The transaction with the "Insured Customer" as alleged in paragraphs 13-16.

   b. The submission of an invoice and payment by GEICO relating to the replacement of the Insured Customer's windshield as fully set forth in paragraphs 17-19.

   c. The alleged underpayment of other windshield and/or replacement work performed for other customers of VIP insured by Defendant as fully set forth in paragraphs 20-22.

d. The allegations the prevailing competitive price applied by GEICO is "neither 'prevailing' in the local markets nor is it a 'competitive' price as those terms are generally used and understood. Rather, it is a fictitious price based on arbitrary discounts to an index price adjusted and administered by a third party that also competes with Plaintiff and other independent automobile glass replacement businesses in Florida" as fully set forth in paragraph 23 and as similarly alleged in paragraph 46.

e. The allegations that GEICO's insureds are exposed to liability to VIP and other windshield replacement vendors as fully set forth in paragraph 35.

f. The allegations that a conflict of interest exists for Safelite as fully set forth in paragraphs 36 and 46.

g. The allegations relating to the "GEICO Glass Pricing Agreement" as fully set forth in paragraphs 40-42, 48, 50.

h. The allegations that "neither GEICO nor Safelite Solutions "adjusts" windshield repair or replacement claims as that term is understood in the ordinary course of handling" as fully set forth in paragraph 43.

i. The allegations that "the amounts paid by Defendant for windshield repair and/or replacement claims are not based on an evaluation of prices that are 'prevailing' or 'competitive' within a particular geographic area, or prices that are reasonable, usual, or customary" as fully set forth in paragraph 44.

j. The allegations that "Despite the provisions of its insurance policy, [GEICO] does not pay the price it 'can secure from a competent and conveniently located repair facility'" as fully set forth in paragraph 45.