## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**VIP AUTO GLASS, INC.**, individually,
as assignee,

      Plaintiff,                       Case No.: 8:16-cv-2012-T-35JSS

v.

**GEICO GENERAL INSURANCE
COMPANY**,

      Defendant.

_____/

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE

Plaintiff, VIP Auto Glass, Inc., pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, moves to voluntarily dismiss this action against Defendant, GEICO General Insurance Company, without prejudice.

### LEGAL STANDARD

After the defendant files an answer, voluntary dismissals are governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides that a plaintiff may voluntarily dismiss an action "by court order, on terms that the court considers proper."  Such a dismissal is without prejudice unless otherwise specified in the order of dismissal.

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001); *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006).

A motion for voluntary dismissal under Rule 41(a)(2) should be granted "'unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,*

as a result.'" *Id*. (quoting *McCants v. Ford Motor Co.*, Inc., 781 F.2d 855, 857 (11th Cir.1986)) (emphasis in original).   Moreover, the "crucial question" for determining whether to grant a plaintiff a voluntary dismissal under Rule 41(a)(2) is whether "'the defendant will lose any substantial right by the dismissal.'" *Id*. at 1255-56 (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

Additional relevant considerations include the defendant's effort and expense in preparing for trial, excessive delay and lack of diligence by the plaintiff's counsel, whether the plaintiff's counsel acted in bad faith, an insufficient explanation for the dismissal, and whether the defendant has filed a motion for summary judgment. *Goodwin v. Reynolds*, 757 F. 3d 1216, 1219 (11th Cir. 2014) (no abuse of discretion in the trial court's dismissal of the action without prejudice).

In sum, in evaluating a motion for voluntary dismissal under Rule 41(a)(2), "the court's task is to 'weigh the relevant equities and do justice between the parties.'" *Id*. at 1219 (quoting *McCants*, 781 F.2d at 857).

## ARGUMENT

Plaintiff seeks to dismiss this action without prejudice in light of its decision to withdraw its motion for class certification and a concomitant decision to not pursue the remaining individual claim of less than $500.00 in damages.   In this circumstance, Plaintiff's counsel has not acted in bad faith, engaged in any excessive delay, or failed to act diligently, no motion for summary judgment is pending, and Plaintiff has explained its reason for requesting this dismissal.   Defendant will not lose any substantial right – Plaintiff has withdrawn its motion for class certification, leaving only its individual nominal claim for damages. *See* Court's Order To Show Cause dated June 14, 2017 (Doc. 75), giving Defendant until June 21, 2017 to show cause

why this case should not be remanded back to state court. Permitting the voluntary dismissal of this action without prejudice will not cause Defendant to suffer any "clear legal prejudice," and Defendant will not "lose any substantial right" if this action were dismissed. Accordingly, Plaintiff requests that the Court dismiss this action without prejudice.

## CONCLUSION

Plaintiff requests that the Court allow it to voluntarily dismiss this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules for the Middle District of Florida, Plaintiff has conferred with Defendant regarding this motion.  Defendant takes no position as to this Motion at this time and reserves its right to file a response.

Respectfully submitted,

*/s/ J. Daniel Clark*
J. Daniel Clark, FBN 0106471
dclark@clarkmartino.com
Christina Ramirez (Of Counsel), FBN 0954497
Ramirez.nina@gmail.com
**CLARK ♦ MARTINO, P.A.**
3407 W. Kennedy Blvd.
Tampa, Florida  33609
Telephone: (813) 879-0700
Facsimile:  (813) 879-5498

David M. Caldevilla, FBN 654248
dcaldevilla@dgfirm.com
Donald C. P. Greiwe, FBN 118238
dgreiwe@dgfirm.com
**de la PARTE & GILBERT, P.A.**
P.O. Box 2350
Tampa, FL  33601-2350
Telephone: (813) 229-2775
Facsimile: (813) 229-2712

Matthew A. Crist, FBN 0035539
cristm@cristlegal.com
**CRIST LEGAL | PA**
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
Telephone: (813) 575-5200
Facsimile: (813) 575-2520

**Attorneys for Plaintiff**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** on June 16, 2017, I electronically filed the foregoing with the Clerk of Court by using this Court's CM/ECF system that will send a notice of electronic filing to all counsel of record.

*/s/ J. Daniel Clark*
J. Daniel Clark