**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VIP AUTO GLASS, INC., individually, as**
**assignee, and on behalf of all those**
**similarly situated,**

     **Plaintiff,**

**v.**                                     **Case No: 8:16-cv-2012-T-35JSS**

**GEICO GENERAL INSURANCE**
**COMPANY,**

     **Defendant.**
_____/

## ORDER

    **THIS CAUSE** comes before the Court for consideration of the Response to the Court's Show Cause Order (Dkt. 77) filed by Defendant, Geico General Insurance Company ("GEICO"), the Motion to Voluntarily Dismiss without Prejudice (Dkt. 75) filed by Plaintiff, VIP Auto Glass, Inc. ("VIP AUTO GLASS"), the Response in opposition thereto (Dkt. 78) filed by GEICO, and the Notice of Filing Transcript Concerning [GEICO]'s Opposition to [VIP Auto Glass]'s Motion for Voluntary Dismissal (Dkt. 79) filed by VIP Auto Glass.

    VIP Auto Glass originally filed this putative class action against GEICO in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. (Dkt. 2)   GEICO timely removed the case to this Court, invoking the Court's jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).   (Dkt. 1) VIP Auto Glass filed its Motion for Class Certification on May 19, 2017.   (Dkt. 66) Following GEICO's filing of its Response in opposition (Dkt. 70), in which GEICO argued

that VIP Auto Glass lacked standing to assert its individual claim because it had forged the assignment of benefits upon which its claim rests, VIP Auto Glass promptly withdrew its Motion for Class Certification.   (Dkt. 72)

In light of the withdrawal of the request for class certification, the Court Ordered GEICO to show cause why this case should not be remanded to the state court due to a lack of subject matter jurisdiction.  (Dkt. 74)   Before GEICO filed its Response to the Show Cause Order, VIP Auto Glass filed a motion requesting that the Court dismiss the case without prejudice "in light of [VIP Auto Glass's] decision to withdraw its motion for class certification and a concomitant decision not to pursue the remaining individual claim of less than $500.00 in damages."   (Dkt. 75 at P. 2)

Thereafter, GEICO filed its Response to the Court's Show Cause Order, contending that the Court still has subject matter jurisdiction over this case pursuant to CAFA because "jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction."   (Dkt. 77 at P. 4 (citing Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268-69 n. 12 (11th Cir. 2009))

GEICO also filed its Response in opposition to VIP Auto Glass's Motion to Voluntarily Dismiss without Prejudice, arguing that the Court should not allow VIP Auto Glass to simply walk away from this case with no adverse rulings or consequences resulting from its numerous false statements and assertions in this case.   (Dkt. 78) Therefore, GEICO requests that Plaintiff's Motion be denied and GEICO be permitted to expeditiously seek final adjudication and other remedies.   Alternatively, GEICO contends that the Court should only allow dismissal upon certain conditions, including that the Court

award GEICO its reasonable attorneys' fees and costs and retain jurisdiction to consider collateral motions for sanctions or other remedies.

Upon review, the Court finds that it continues to have subject matter jurisdiction over this case under CAFA notwithstanding the fact that VIP Auto Glass has now withdrawn its Motion for Class Certification.  See Vega, 564 F.3d at 1268-69 n. 12.  Therefore, the case shall not be remanded to state court.

Turning to VIP Auto Glass's Motion to Voluntarily Dismiss without Prejudice (Dkt. 75), the Court finds that the Motion is due to be denied.   GEICO has filed an Answer to VIP's First Amended Class Action Complaint.   (Dkt. 51)   Therefore, VIP Auto Glass may only voluntarily dismiss this case by obtaining a stipulation of dismissal signed by all parties or "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).   "A voluntary dismissal without prejudice is not a matter of right," Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1502–03 (11th Cir.19991), and the Court has broad discretion in considering dismissal and imposing proper conditions.   Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015).   The Eleventh Circuit has held that:

> The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.   Thus a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.

McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986).   "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit."  Arias, 776 F.3d at 1268.

This case has been pending for over a year and has been extensively litigated up the point of class certification, causing GEICO to expend considerable time and expense. Moreover, it has now come to light that VIP Auto Glass has persisted with this class action case despite the fact that it lacks a valid assignment of benefits to support its individual claim.   Even worse, based on the affidavits and deposition testimony presented by GEICO in opposition to VIP Auto Glass's Motion for Class Certification, it appears that VIP Auto Glass has submitted a forged assignment to this Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false discovery responses, and testified falsely under oath in this case.

Other courts have denied motions for voluntary dismissal under Rule 41(a)(2) in circumstances similar to those that arise in this case.   See, e.g., McBride v. JLG Indus., Inc., 189 F. App'x 876, 878 (11th Cir. 2006) (affirming district court's denial of motion to voluntarily dismiss action based on "the time that had passed since the case was filed, the many motions filed, and the discovery produced."); Martin v. Allied Interstate, LLC, 192 F. Supp. 3d 1296, 1300 (S.D. Fla. 2016) (motion to voluntarily dismiss case without prejudice denied where case had been pending for over a year, defendants had expended considerable time and expense in defending the case, and the proceedings had revealed that the plaintiff pursued the case notwithstanding misrepresentations made in her pleadings).

Moreover, denial of a motion to voluntarily dismiss is particularly warranted where, as here, it appears that it is solely motivated to avoid an impending adverse ruling on the merits.   See McBride, 189 F. App'x at 878; Stephens v. Georgia Dep't of Transp., 134 F. App'x 320, 323 (11th Cir. 2005); Merrill Lynch Credit Corp. v. Lenz, No. 09-60633-CIV,

2010 WL 2103016, at *2 (S.D. Fla. May 25, 2010) ("by granting Plaintiff's request to dismiss the case now, this Court would allow Plaintiff to extricate itself from a suit, whose outcome is no longer favorable . . . ."); Hall v. Sunjoy Industries Group, Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011).

Considering the length of time that this case has been pending, the considerable time and resources expended, VIP Auto Glass's alleged affirmative misrepresentations, and its apparent desire to avoid an impending adverse merits determination, the Court **DENIES** VIP Auto Glass's Motion to Voluntarily Dismiss without Prejudice.   (Dkt. 75) VIP Auto Glass is also hereby **ORDERED** to **SHOW CAUSE** why an adverse judgment on the merits due to lack of standing should not be entered and why sanctions in the form of an award of GEICO's reasonable costs and attorneys' fees incurred as a result of defending this action and/or a judgment for fraud upon the Court should not be entered against it.   VIP Auto Glass shall file its response within **fourteen (14) days** of the date of this Order.   Thereafter, GEICO shall be entitled to file a reply within **fourteen (14) days**.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of July, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person