UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIP AUTO GLASS, INC.**, individually,
as assignee,

    Plaintiff,                         Case No.:      8:16-cv-02012-MSS-JSS

v.

**GEICO GENERAL INSURANCE COMPANY**,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO COURT'S JULY 14, 2017 ORDER**

Plaintiff, VIP Auto Glass, Inc., pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, moves for an extension of time to respond to the Court's July 14, 2017 Order (Doc. 80). The current deadline to respond to the Court's Order is July 28, 2017 (14 days from the date of the July 14, 2017 Order). The undersigned counsel have filed their "Motion to Withdraw" on July 20, 2017 (Doc. 82) and, for the reasons stated in that Motion, are unable to continue to represent Plaintiff and respond to the Court's July 14 Order. Accordingly, in an abundance of caution, the undersigned counsel file this Motion for Extension of Time, seeking a time extension of at least 14 days from the Court's ruling on the Motion to Withdraw to respond to the July 14, 2017 Order.

**BACKGROUND**

1. On July 14, 2017, the Court issued its Order denying Plaintiff's Motion to Voluntarily Dismiss Without Prejudice, and ordered Plaintiff to show cause as to why an adverse judgment on the merits due to an alleged lack of standing should not be entered and why

sanctions should not be entered against Plaintiff. Plaintiff's deadline to respond the Court's July 14, 2017 Order is July 28, 2017.

2. On July 19, 2017, the undersigned counsel filed their Motion to Withdraw because of irreconcilable differences between them and, as a result, the undersigned counsel can no longer represent the Plaintiff.

3. Due to the undersigned counsel's pending Motion to Withdraw, an extension of time to respond to the Court's Order is necessary in an abundance of caution until the Court rules on the Motion to Withdraw. Further, if the Court grants the Motion to Withdraw, the Plaintiff will require a reasonable time period to retain new counsel and respond to the Court's July 14, 2017 Order. Accordingly, the undersigned counsel request an extension of at least 14 days following the Court's ruling on the Motion to Withdraw to respond to the Court's July 14, 2017 Order.

4. This Motion is being made in good faith and not for the purpose of delay.

## LEGAL STANDARD

Federal Rule of Civil Procedure 6(b) provides that a court, for cause shown, may at any time, in its discretion and upon motion of a party, enlarge a period of time in which an act is to be concluded under the Federal Rules of Civil Procedure. Further, trial courts have the inherent discretion to control their dockets and to allow for the orderly proceeding of matters before it. *See Chrysler Int'l. Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases."); *Woods v. Allied Concord Fin. Corp.* 373 F.2d 733 (5th Cir. 1967).

Accordingly, the Court has the discretion and authority to control its docket and grant extensions of time for the filing of pleadings for good cause. *See id.*; *J.D. Pharm. Distrib., Inc.*

*v. Save-On Drugs and Cosmetics Corp.,* 893 F.2d 1201, 1209 (11th Cir. 1990), 2010 WL 3368790, at *1 (M.D. Fla. Aug. 24, 2010).

## CONCLUSION

Plaintiff's request for an extension is not being requested for delay, and granting it will not cause undue prejudice. Federal Rule of Civil Procedure 6(b) provides that a court, for cause shown, may, at any time, in its discretion and upon motion of a party, enlarge a period of time in which an act is to be conducted under the Federal Rules of Civil Procedure. Based on the foregoing, Plaintiff respectfully submits that cause has been demonstrated for granting the requested extension of time.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant an extension of at least 14 days following the Court's ruling on the undersigned counsel's pending Motion To Withdraw for Plaintiff to respond to the Court's July 14, 2017 Order.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules for the Middle District of Florida, Plaintiff has conferred with Defendant to determine whether it opposes or does not oppose this motion and defense counsel state that Defendant does not agree on the proposed resolution of the motion.

**[Attorney's signature appears on the following page.]**

Respectfully submitted,

/s/ *J. Daniel Clark*
J. Daniel Clark, FBN 0106471
dclark@clarkmartino.com
Christina Ramirez (Of Counsel), FBN 0954497
Ramirez.nina@gmail.com
**CLARK ♦ MARTINO, P.A.**
3407 W. Kennedy Blvd.
Tampa, Florida 33609
Telephone: (813) 879-0700
Facsimile: (813) 879-5498

David M. Caldevilla, FBN 654248
dcaldevilla@dgfirm.com
**de la PARTE & GILBERT, P.A.**
P.O. Box 2350
Tampa, FL 33601-2350
Telephone: (813) 229-2775
Facsimile: (813) 229-2712

Matthew A. Crist, FBN 0035539
cristm@cristlegal.com
**CRIST LEGAL | PA**
606 East Madison Street
Tampa, Florida 33602
Telephone: (813) 575-5200
Facsimile: (813) 575-2520

**Attorneys For Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on July 24, 2017, I electronically filed the foregoing with the Clerk of Court by using this Court's CM/ECF system that will send a notice of electronic filing to all counsel of record, and served a copy by Email and U.S. Mail on Melvin Figueroa, VIP Auto Glass, Inc. 8909 Waterway Drive, Tampa, FL 33635 (email: vipautoglass@yahoo.com).

/s/ *J. Daniel Clark*
J. Daniel Clark