**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VIP AUTO GLASS, INC., individually, as
assignee, and on behalf of all those similarly
situated

      Plaintiff,                         **CASE NO.: 8:16-CV-02012-MSS-JSS**

      vs.                                       CLASS ACTION

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.
_____/

## DEFENDANT'S RESPONSE TO MOTIONS TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND FOR EXTENSION TO RESPOND TO SHOW CAUSE ORDER

Defendant, GEICO General Insurance Company ("GEICO General"), respectfully responds to Plaintiff's Counsels' Motion to Withdraw as Counsel for Plaintiff (Dkt. 82) (the "Motion to Withdraw") and Plaintiff's Motion for Extension of Time to Respond to the Court's July 14, 2017 Order (Dkt. 83) (the "Motion for Extension of Time").

## BACKGROUND

The Court's July 14, 2017 Order (Dkt. 80) denied Plaintiff's request to voluntarily dismiss this case without prejudice (the "Show Cause Order"). As the Court recognized:

> This case has been pending for over a year and has been extensively litigated up to the point of class certification, causing GEICO to expend considerable time and expense. Moreover, it has now come to light that VIP Auto Glass has persisted with this class action case despite the fact that it lacks a valid assignment of benefits to support its individual claim. Even worse, based on the affidavits and deposition testimony presented by GEICO in opposition to VIP Auto Glass's Motion for Class Certification, it appears that VIP Auto Glass has submitted a forged assignment to this

Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false discovery responses, and testified falsely under oath in this case.

Show Cause Order, pg. 4. Given Plaintiff's conduct, the Court specifically ordered Plaintiff to:

> **SHOW CAUSE** why an adverse judgment on the merits due to lack of standing should not be entered and why sanctions in the form of an award of GEICO's reasonable costs and attorneys' fees incurred as a result of defending this action and/or a judgment for fraud upon the Court should not be entered against it. VIP Auto Glass shall file its response within fourteen (14) days of the date of this Order. Thereafter, GEICO shall be entitled to file a reply within fourteen (14) days.

*Id.* at 5. Accordingly, Plaintiff was required to respond to the Show Cause Order by July 28, 2017.

Plaintiff did not respond to the Show Cause Order as the Court directed. Instead, Plaintiff's counsel moved to withdraw. Plaintiff further moved to extend the time to respond to the Court's Show Cause Order.

Plaintiff is represented by three law firms in this case. All of Plaintiff's attorneys have been involved from the beginning of this case.

## **ARGUMENT**

Plaintiff and its counsel should not be allowed to avoid responding to the Show Cause Order. No further delay should be permitted under these circumstances.

Local Rule 2.03(c) provides that leave to withdraw shall not be given "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay." There is no doubt that withdrawal in this case will cause delay. The request to

2

withdraw and motion for extension have already caused delay. The time to respond to the Court's Show Cause Order has passed, and no response has been filed.

Moreover, Plaintiff's counsel has failed to show a compelling ethical consideration to support the Motion to Withdraw. Plaintiff's counsel merely states that "irreconcilable differences have arisen between the Law Firms and the Plaintiff." Motion to Withdraw, ¶ 2.

This Court recently denied a similar motion to withdraw where plaintiff simply stated that "irreconcilable differences have arisen between the Plaintiff and the undersigned counsel." *See Stupar v. Metropolitan Life Insurance Company*, 2016 WL 7666130, at 1* (M.D. Fla. Aug. 8, 2016). The *Stupar* Court recognized that irreconcilable differences "[did] not appear to be a listed ground for withdrawal." *Id.* (quoting Florida Rule of Professional Conduct 4-1.16). The *Stupar* Court further noted that "counsel ha[d] not demonstrated that the requested withdrawal [was] not likely to cause continuance or delay." *Id.*

This Court has similarly recognized that "in order to be permitted to withdraw as counsel when such withdrawal would likely result in delay or continuance, counsel must establish a compelling ethical consideration such as 'irreconcilable conflict' between attorney and client of such severity as to necessitate withdrawal." *See Silva v. Potter*, 2006 WL 3298543, at 4* (M.D. Fla. Sept. 25, 2006) (citing *Mekdeci v. Merrell Nat. Laboratories, a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1520-1521 (11th Cir.1983)). There has been no such showing in this case.

## **CONCLUSION**

The Motion to Withdraw and Motion for Extension have already caused delay. Plaintiff has failed to show a compelling ethical consideration for the request to withdraw.

These motions should therefore be denied. Plaintiff should be ordered to respond to the Court's Show Cause Order without further delay.

> Respectfully submitted,
>
> */s/ John P. Marino*
> John P. Marino (FBN 814539)
> Lindsey R. Trowell (FBN 678783)
> Edward K. Cottrell (FBN 013579)
> SMITH, GAMBRELL & RUSSELL, LLP
> 50 North Laura Street, Suite 2600
> Jacksonville, Florida 32202
> Phone: (904) 598-6100
> Facsimile: (904) 598-6204
> jmarino@sgrlaw.com
> ltrowell@sgrlaw.com
> ecottrell@sgrlaw.com
>
> *Attorneys for GEICO General Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on August 2, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> */s/ John P. Marino*
> Attorney