UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated,**

    **Plaintiff,**

v.                                                        Case No: 8:16-cv-2012-T-35JSS

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Withdraw as Counsel for Plaintiff (Dkt. 82) filed by Plaintiff's counsel, and the Response in opposition thereto (Dkt. 84) filed by Defendant, GEICO General Insurance Company ("GEICO"). Plaintiffs' counsel have moved to withdraw due to "irreconcilable differences." (Dkt. 82) GEICO opposes the relief, stating that Local Rule 2.03(c) provides that leave to withdraw shall not be granted "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay." GEICO contends that permitting withdrawal at this time will only cause further delay and that Plaintiffs' counsel have not demonstrated "compelling ethical considerations" to support the Motion to Withdrawal. See Silva v. Potter, 2006 WL 3298543, at 4* (M.D. Fla. Sept. 25, 2006) ("in order to be permitted to withdraw as counsel when such withdrawal would likely result in delay or continuance, counsel must establish a compelling ethical

consideration such as 'irreconcilable conflict' between attorney and client of such severity as to necessitate withdrawal.").

Upon consideration of the foregoing, it is hereby **ORDERED** that Plaintiffs' counsel shall file **EX PARTE AND UNDER SEAL**, and the Clerk shall accept **UNDER SEAL**, an affidavit explaining any compelling ethical considerations in general terms supporting their request to withdraw. Such affidavit shall be filed within **seven (7) days** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of August, 2017.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE