# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated,**

    **Plaintiff,**

v.     Case No: 8:16-cv-2012-T-35JSS

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Withdraw as Counsel for Plaintiff (Dkt. 82) filed by Plaintiff's counsel, and the Response in opposition thereto (Dkt. 84) filed by Defendant GEICO General Insurance Company ("GEICO"). Plaintiff's counsel—the law firms of Clark & Martino, P.A., de la Parte & Gilbert, P.A., and Crist Legal, P.A. and their attorneys J. Daniel Clark, Christina Ramirez, David M. Caldevilla, and Matthew A. Crist—have moved to withdraw due to "irreconcilable differences." (Dkt. 82) GEICO opposes the relief, stating that Local Rule 2.03(c) provides that leave to withdraw shall not be granted "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay." The Court directed Plaintiff's counsel to file *ex parte* and under seal an affidavit explaining any compelling ethical considerations in general terms supporting their request to withdraw. (Dkt. 86) The Court, after conducting an *in camera*, *ex parte* review of Plaintiff's counsel

affidavit, is satisfied that the withdrawal is for just cause, including serious ethical considerations.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. The Motion to Withdraw as Counsel for Plaintiff (Dkt. 82) is **GRANTED**.

2. The **CLERK** is directed to remove the name of Attorneys J. Daniel Clark, Christina Ramirez, David M. Caldevilla, and Matthew A. Crist, from CM/ECF service list for this case and to discontinue sending pleadings and Orders to them in connection with this matter.

3. Plaintiff VIP Auto Glass, Inc. shall have **twenty-one (21)** days from the date of this Order to obtain replacement counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se and must be represented by counsel" and that "[t]he general rule applies even where the person seeking to represent the corporation is its president and major stockholder.") (citations omitted). **FAILURE TO RETAIN REPLACEMENT COUNSEL WILL RESULT IN THE ENTRY OF A DEFAULT JUDGMENT AGAINST PLAINTIFF VIP AUTO GLASS, INC. BECAUSE IT WILL NOT BE ABLE TO REPRESENT ITSELF IN THIS MATTER. SPECIFICALLY, PURSUANT TO THE COURT'S SHOW CAUSE ORDER (Dkt. 80), PLAINTIFF VIP AUTO GLASS, INC. FACES AN IMPENDING ADVERSE JUDGMENT ON THE MERITS, SANCTIONS IN THE FORM OF COSTS AND ATTORNEYS' FEES BEING AWARDED TO GEICO, AND/OR A JUDGMENT FOR FRAUD UPON THE COURT.**

4. Upon filing a notice of appearance, replacement counsel for Plaintiff VIP Auto Glass, Inc. shall have **fourteen (14) days** to respond to the Court's Show Cause Order. (Dkt. 80) Thereafter, GEICO shall be entitled to file a response within **fourteen (14)** days.

5. The **CLERK** is further directed to **MAIL** a copy of this Order and any future filings from the Court to Plaintiff, VIP Auto Glass, Inc. c/o Melvin Figueroa, 8909 Waterway Drive, Tampa, Florida 33635, until further notice from the Court or appearance by new counsel.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of August, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person