**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated

      Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.
_____/

**CASE NO.:  8:16-CV-02012-MSS-JSS**

**CLASS ACTION**

**DEFENDANT'S MOTION AND SUPPORTING**
**MEMORANDUM FOR DEFAULT JUDGMENT AND SANCTIONS**

Defendant, GEICO General Insurance Company ("GEICO General"), moves for entry of default judgment on the merits, judgment for fraud upon the Court, and sanctions in the form of costs and attorneys' fees against Plaintiff, VIP Auto Glass, Inc. ("VIP").

The grounds and authority for this motion are set forth in the following supporting memorandum.  The memorandum is incorporated as part of this motion.

**MEMORANDUM**

GEICO General respectfully submits the following memorandum in support of its Motion for Default Judgment and Sanctions.

**SUMMARY**

The Court's July 14, 2017 Order (Dkt. 80) ("Show Cause Order") recognizes that VIP has submitted a forged assignment to this Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false

discovery responses, and testified falsely under oath in this case. The Court's August 24, 2017 Order (Dkt. 88) allowed VIP's previous counsel to withdraw, and gave VIP twenty-one days to obtain replacement counsel (the "Withdrawal Order").

The Court also specifically advised VIP that failure to retain replacement counsel will result in the entry of a default judgment against it. *See* Withdrawal Order, p. 2. And the Court further warned VIP that it faces an impending adverse judgment on the merits, sanctions in the form of costs attorneys' fees being awarded to GEICO General, and/or a judgment for fraud upon the Court. *Id*.

In addition to its previous improper and fraudulent conduct in this case, VIP has now ignored the Court's directive in the Withdrawal Order. VIP has not obtained replacement counsel as directed by the Court. GEICO General is therefore entitled to default judgment on the merits, for fraud upon the Court, and sanctions in the form or its costs and attorneys' fees against VIP.

## BACKGROUND

The Court's Show Cause Order denied VIP's request to voluntarily dismiss this case without prejudice (the "Show Cause Order"). As the Court recognized:

> This case has been pending for over a year and has been extensively litigated up to the point of class certification, causing GEICO to expend considerable time and expense. Moreover, it has now come to light that VIP Auto Glass has persisted with this class action case despite the fact that it lacks a valid assignment of benefits to support its individual claim. Even worse, based on the affidavits and deposition testimony presented by GEICO in opposition to VIP Auto Glass's Motion for Class Certification, it appears that VIP Auto Glass has submitted a forged assignment to this Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false discovery responses, and testified falsely under oath in this case.

Show Cause Order, p. 4.  Given VIP's conduct, the Court specifically ordered VIP to:

> **SHOW CAUSE** why an adverse judgment on the merits due to lack of standing should not be entered and why sanctions in the form of an award of GEICO's reasonable costs and attorneys' fees incurred as a result of defending this action and/or a judgment for fraud upon the Court should not be entered against it. VIP Auto Glass shall file its response within fourteen (14) days of the date of this Order. Thereafter, GEICO shall be entitled to file a reply within fourteen (14) days.

*Id.* at p. 5.  Accordingly, Plaintiff was required to respond to the Show Cause Order by July 28, 2017.

VIP did not respond to the Show Cause Order as the Court directed.  Instead, VIP's counsel moved to withdraw.  VIP further moved to extend the time to respond to the Court's Show Cause Order.

The Court's Withdrawal Order allowed VIP's counsel to withdraw.  However, the Court also specifically advised VIP (in bold and all capital letters) that:

> **FAILURE TO RETAIN REPLACEMENT COUNSEL WILL RESULT IN THE ENTRY OF A DEFAULT JUDGMENT AGAINST PLAINTIFF VIP AUTO GLASS, INC. BECAUSE IT WILL NOT BE ABLE TO REPRESENT ITSELF IN THIS MATTER. SPECIFICALLY, PURSUANT TO THE COURT'S SHOW CAUSE ORDER (Dkt. 80), PLAINTIFF VIP AUTO GLASS, INC. FACES AN IMPENDING ADVERSE JUDGMENT ON THE MERITS, SANCTIONS IN THE FORM OF COSTS AND ATTORNEYS' FEES BEING AWARDED TO GEICO, AND/OR A JUDGMENT FOR FRAUD UPON THE COURT.**

*Id*. at pg. 2 (emphasis in original).

VIP ignored the Court.  It did not obtain replacement counsel as the Court directed. No replacement counsel has appeared in this case for VIP.  Accordingly, VIP has not complied with the Withdrawal Order or the Show Cause Order.

## ARGUMENT

District courts possess the inherent power to regulate litigation and to sanction litigants and their counsel for abusive practices. *Bernal v. All American Investment Realty, Inc.*, 479 F. Supp. 2d 1291, 1335 (S.D. Fla. 2007) (citing *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126 (S.D. Fla. 1987); *Amlong v. Denny's, Inc.*, 457 F.3d 1180, 1189-90 (11th Cir. 2006)); *see also Kona Spring Water Distributing, Ltd. v. World Triathlon Corp.*, 2007 WL 737624, *1 (M.D. Fla. 2007) (holding that "'federal courts have the inherent power to dismiss an action for misconduct that abuses judicial process and threatens the integrity of the process-including misconduct unrelated to the merits of the case.'").

The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted); *see also Parcher v. Gee*, Case No.: 09-cv-857, 2016 WL 7446630, at *8 (M.D. Fla. Oct. 19, 2016) (citing *Chambers*, 501 U.S. at 43; *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F. 3d 1332, 1335 (11th Cir. 2002)) (holding that "[c]ourts possess the inherent power to impose reasonable and appropriate sanctions in order to protect the orderly administration of justice and to preserve the dignity of the tribunal.").

Sanctions under the Court's inherent authority may include monetary penalties, adverse inferences, and the striking of claims or defenses. *See Sprint Solutions, Inc. v. Fils-Amie*, 83 F.Supp.3d 1290, 1295 (S.D. Fla. 2015) (citing *Swofford v. Eslinger*, 671 F. Supp. 2d 1274, 1280 (M.D. Fla. 2009); *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008); *Bernal*, 479 F. Supp. 2d at 1338)). A district court may further dismiss a case or enter

a default judgment as a sanction. *Id.* at 1295 (citing *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126–27 (S.D. Fla. 1987)).

The Eleventh Circuit has held that the "key to unlocking a court's inherent power is a finding of bad faith." *Bernal*, 479 F. Supp. 2d at 1335- 36 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal citations omitted)). Moreover, it is well-established that:

> Bad faith exists when the court finds that *a fraud has been practiced upon it*, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order. A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. In assessing whether an award is proper under the bad faith standard, the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.

*Bernal*, 479 F. Supp. 2d at 1335- 36 (emphasis added) (quoting *Allapattah Servs., Inc.*, 372 F.Supp.2d 1344, 1372-73 (S.D. Fla. 2005)); *see also Mishkin v. Jeannine Gurian Trust Number One*, 2008 WL 708733, at *6 (S.D. Fla. 2008) (citing *Quantum Communications Corp. v. Star Broad., Inc.*, 473 F.Supp.2d 1249, 1268-69 (S.D. Fla. 2007)).

The Middle District of Florida has further described the circumstances of when a "fraud upon the court" has occurred:

> A party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*McDowell v. Seaboard Farms of Athens, Inc.*, 1996 WL 684140, at *2 (M.D. Fla. 1996) (quoting *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995) (finding there was a fraud upon the court by fabricating evidence and offering fictionalized testimony)); *see also*

*Parcher,* 2016 WL 7446630, at *8 (finding fraud upon the court by fabricating evidence "to improperly influence the outcome of this case."); *Pope v. Fed. Express Corp.*, 138 F.R.D. 675 (W.D. Mo. 1990) (dismissing action for sexual harassment where plaintiff manufactured note containing improper remarks from supervisor); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (dismissing cause of action for fraud on the court where plaintiff attached a manufactured purchase agreement to the complaint)).

The Court's Show Cause Order recognizes that VIP has submitted a forged assignment to this Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false discovery responses, and testified falsely under oath in this case. VIP intentionally (and repeatedly) presented false evidence to the Court in support of its claim. The Court has specifically recognized that:

> Even worse, based on the affidavits and deposition testimony presented by GEICO in opposition to VIP Auto Glass's Motion for Class Certification, it appears that VIP Auto Glass has submitted a forged assignment to this Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false discovery responses, and testified falsely under oath in this case.

Show Cause Order, p. 4.

The Court has further held that "[t]his case has been pending for over a year and has been extensively litigated up the point of class certification, causing GEICO to expend considerable time and expense." *Id.* GEICO General has incurred a considerable amount of attorneys' fees and cost[1] to defend this case as the Court recognized in the Show Cause Order. No sanction less than a default judgment and the award of reasonable attorneys' fees

---

[1] GEICO General will timely file a motion for costs and attorneys' fees (with supporting documentation) pursuant to Local Rule 4.18 upon the entry of judgment.

and costs will sufficiently remedy the prejudice that GEICO General incurred in this case. Accordingly, judgment on the merits and for fraud upon the Court, together with an award of its attorneys' fees and costs, should be entered in GEICO General's favor.

## **CONCLUSION**

The record in this case conclusively establishes that VIP has committed fraud upon the Court and its conduct is sanctionable. Judgment on the merits, for fraud upon the court, and sanctions in the form of attorneys' fees and costs should therefore be entered for GEICO General.

                Respectfully submitted,

                */s/ John P. Marino*
                John P. Marino (FBN 814539)
                Lindsey R. Trowell (FBN 678783)
                Edward K. Cottrell (FBN 013579)
                SMITH, GAMBRELL & RUSSELL, LLP
                50 North Laura Street, Suite 2600
                Jacksonville, Florida 32202
                Phone: (904) 598-6100
                Facsimile: (904) 598-6204
                jmarino@sgrlaw.com
                ltrowell@sgrlaw.com
                ecottrell@sgrlaw.com

                *Attorneys for GEICO General Insurance Company*

**CERTIFICATE OF SERVICE**

      I certify that on October 4, 2017, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, and a copy was provided by United States Mail to:

VIP Auto Glass, Inc.
c/o Melvin Figueroa
8909 Waterway Drive
Tampa, Florida 33635

                  */s/ John P. Marino*
                  Attorney