UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated,**

    Plaintiff,

v.   Case No: 8:16-cv-2012-MSS-JSS

**GEICO GENERAL INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Defendant's Motion for Default Judgment and Sanctions, (Dkt. 90), filed by Defendant GEICO General Insurance Company ("GEICO"). Plaintiff VIP Auto Glass, Inc. ("VIP Auto Glass") has not filed a response, and the time to do so has passed. Upon consideration of all relevant filings and case law, and being otherwise fully advised, the Court **GRANTS** Defendant's Motion and **ORDERS** this case dismissed with prejudice.[1]

### I.   BACKGROUND

On June 1, 2016, VIP Auto Glass originally filed this putative class action against GEICO in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. (Dkt. 2) GEICO timely removed the case to this Court, invoking the

---

[1] Although the Court and GEICO have referenced an impending "default judgment," the Court finds the appropriate remedy for VIP Auto Glass's misconduct to be a dismissal with prejudice. As such, the Court treats GEICO's motion as a motion for involuntary dismissal and sanctions under Fed. R. Civ. P. 41(b) and the Court's inherent authority, for which substantial notice has been provided to VIP Auto Glass.

Court's jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).  (Dkt. 1)  On July 20, 2016, GEICO filed its answer, raising several affirmative defenses, including that VIP Auto Glass lacked standing due to invalid assignment of benefits upon which its claim rests.  (Dkt. 5 at 9)  On February 21, 2017, with leave of Court, VIP Auto Glass filed an amended complaint.  (Dkt. 47)  GEICO filed its answer, once again alleging a lack of standing.  (Dkt. 51 at 11)

VIP Auto Glass filed its Motion for Class Certification on May 19, 2017.  (Dkt. 66)  In response, GEICO specifically argued that VIP Auto Glass lacked standing to assert its individual claim because it had forged the assignment of benefits that supported it.  (Dkt. 70 at 2)  GEICO filed numerous exhibits supporting its claim.  (Dkt. 71)  VIP Auto Glass promptly withdrew its Motion for Class Certification.  (Dkt. 72)

Subsequently, VIP Auto Glass sought a voluntary dismissal of this action, which the Court denied.  (Dkts. 75, 80)  The Court noted that the case had been pending for more than a year and had been extensively litigated, causing GEICO to expend considerable time and expense.  (Dkt. 80 at 4)

> Moreover, it has now come to light that VIP Auto Glass has persisted with this class action case despite the fact that it lacks a valid assignment of benefits to support its individual claim.  Even worse, based on the affidavits and deposition testimony presented by GEICO in opposition to VIP Auto Glass's Motion for Class Certification, it appears that VIP Auto Glass has submitted a forged assignment to this Court, caused numerous false statements and assertions to be made in its pleadings and other filings with this Court, submitted false discovery responses, and testified falsely under oath in this case.

(Dkt. 80 at 4)  Thus, the Court ordered VIP Auto Glass to show cause

> why an adverse judgment on the merits due to lack of standing should not be entered and why sanctions in the form of an award of GEICO's reasonable costs and attorneys' fees incurred as a result of defending this

action and/or a judgment for fraud upon the Court should not be entered against it.

(Dkt. 80 at 5) VIP Auto Glass did not respond to the Court's Order ("Show Cause Order").

Instead, VIP Auto Glass's counsel sought to withdraw. (Dkt. 82) On August 24, 2017, the Court granted counsel's motion to withdraw and warned VIP Auto Glass that failure to obtain replacement counsel would result in the entry of a default judgment against it because it would not be able to represent itself, citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se and must be represented by counsel" and that "[t]he general rule applies even where the person seeking to represent the corporation is its president and major stockholder.") (citations omitted). (Dkt. 88 at 2) The Court also noted that VIP Auto Glass faced an impending adverse judgment, sanctions, and/or a judgment for fraud upon the court, pursuant to the Show Cause Order. (Dkt. 88 at 2)

As of the date of this Order, VIP Auto Glass has failed to obtain replacement counsel and has not requested additional time to do so. In the instant motion, GEICO seeks a judgment on the merits and sanctions in the form of reasonable costs and fees. (Dkt. 90)

## II. LEGAL STANDARD

Federal district courts have a broad range of inherent powers that may be exercised in furtherance of the judicial branch's primary goal: "the just, speedy, and inexpensive resolution of disputes." Dietz v. Bouldin, 136 S. Ct. 1885, 1891 (2016) (citing Fed. R. Civ. P. 1). This authority is "governed not by rule or statute but by the

3

control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962). Therefore, the inherent power of the Court "can be invoked even if procedural rules exist which sanction the same conduct." Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991).

Relevant here, for example, is the well-settled rule that a corporation must be represented by counsel. Palazzo 764 F.2d at 1385; See also Local Rule 2.03(e), M.D. Fla. ("A corporation may appear and be heard only through counsel admitted to practice in the Court . . . ."). This alone might justify dismissal of this case. See Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09–cv–2–J–34TEM, 2010 WL 1038503, at *4 (M.D. Fla. Mar. 19, 2010). Additionally, dismissal might be warranted for a failure to prosecute or otherwise obey the Court's orders. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (explaining that a district court is authorized "to dismiss an action for failure to prosecute or to obey a court order" under Fed. R. Civ. P. 41(b)); see also Local Rule 3.10(a), M.D. Fla. (authorizing the Court to dismiss a case for want of prosecution). Dismissal under Fed. R. Civ. P. 41(b) would operate as an adjudication on the merits. Fed. R. Civ. P. 41(b); see also Link, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

However, these rules do not detract from the Court's inherent power "to protect the orderly administration of justice and to preserve the dignity of the tribunal." Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752 764–65 (1980)). This power includes "the ability to fashion

4

an appropriate sanction for conduct which abuses the judicial process," including dismissal with prejudice and the assessment of fees and costs. Chambers, 501 U.S. at 44–45. Due to the strength of possible sanctions, the Court's inherent powers "must be exercised with restraint and discretion." Id. at 44.

A court is justified in exercising its inherent powers "'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting Marx v. Gen. Revenue Corp., 568 U.S. 371, 382 (2013)). As the Eleventh Circuit has explained, the "key to unlocking a court's inherent power is a finding of bad faith." Purchasing Power, 851 F.3d at 1223. Where a party acts in bad faith, a court may order that party to reimburse the wronged party's legal bills incurred as a result of the bad faith conduct. Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017). In cases where a "plaintiff initiates a case in complete bad faith," a court may order the plaintiff to pay the entirety of the defendant's fees from the start of the suit. Id. at 1187–88 (citing Chambers, 501 U.S. at 51).

### III.  DISCUSSION

Despite explicit warnings from the Court, VIP Auto Glass has failed to respond to this Court's Show Cause Order or retain replacement counsel to represent it in this action. As such, this case is due to be dismissed for failure to comply with this Court's orders and for want of prosecution. More troubling, however, is VIP Auto Glass's actions throughout the course of bringing and litigating this action.

### A.   VIP Auto Glass's bad faith

The Court finds that VIP Auto Glass's conduct in this case constitutes bad faith. VIP Auto Glass brought suit on the basis of a purported assignment of insurance benefits from Mr. Derryl Jones.  (Dkts. 2 at ¶ 17, 47 at ¶ 15)  VIP Auto Glass presented the assignment of benefits as a valid assignment on multiple occasions.  (Dkts. 2 at ¶ 17, 14 at 3, 43 at 2, 47 at ¶ 15, 66 at 5, 68-2 at ¶¶ 8–9).  Additionally, Mr. Melvin Figueroa Rivera, VIP Auto Glass's owner and corporate representative, testified under oath at deposition that he personally obtained Mr. Jones's signature on the assignment of benefits:

> Q.   I'm showing you what's been marked Exhibit 8 to your deposition. What is the first page of Exhibit 8?
>
> A.   That's my work order with assignment of benefits.
>
> Q.   So at this time, this is your work order with an assignment of benefits on it; correct?
>
> A.   Correct.
>
> Q.   Is that Mr. Jones's signature on the bottom?
>
> A.   Yes, sir.
>
> Q.   Did you obtain that signature from him?
>
> A.   Yes, sir.
>
> . . . .
>
> Q.   So when you say didn't want a written estimate, are those Mr. Jones's initials right there that says, "I do not request a written estimate"?
>
> A.   Yes, sir.
>
> Q.   You obtained those initials from Mr. Jones on this document?
>
> A.   Yes, sir.

6

(Dkt. 71-7 at 65:14–23, 67:21–68:2)

However, the documents provided by GEICO in opposition to the motion for class certification show VIP Auto Glass's representations to be false.[2] Mr. Jones has unequivocally testified that he did not sign the purported assignment of benefits:

> Q. Sir, I'm showing you what's been marked as Exhibit 1 to your deposition, which is a three-page document. Could you take a look at the first page of Exhibit 1?
>
> A. Uh-huh.
>
> Q. If you look to the bottom of the first page of Exhibit 1, there appears to be a signature. Mr. Jones, is that your signature on this document?
>
> A. No.
>
> Q. If you look up just above what appears to be a signature, there appear to be some initials on that document. Mr. Jones, are those your initials on this document?
>
> A. No.
>
> Q. You did not initial this document, did you?
>
> A. No.
>
> Q. You did not sign this document, did you?
>
> A. No.

(Dkt. 71-18 at 9:12–10:7)   Mr. Jones also signed a sworn affidavit stating that he did not sign or initial the assignment of benefits, and that the signature is a forgery that misspells his name.   (Dkt. 71-1 at ¶ 8)   The Court also notes that Mr. Jones's signature on the affidavit is not similar to the signature on the assignment of benefits.

---

[2] Although the claims are not at issue in this case, GEICO alleges that VIP Auto Glass has also forged other assignments in the course of its business for other insurance claims.   (Dkt. 70 at 8–9)

It is clear to the Court that Mr. Jones did not sign the assignment of benefits, but instead his signature was forged without his consent. It is equally clear that VIP Auto Glass, through its corporate representative, has committed perjury in an attempt to legitimize this invalid assignment of benefits for purposes of bringing this action. VIP Auto Glass has acted in bad faith and committed a fraud upon this Court. See Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010) (finding that knowingly pursuing a frivolous claim constituted acting in bad faith); Allapattah Services, Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) ("Bad faith exists when the court finds that a fraud has been practiced upon it."). Sanctions are warranted.

### B.    Sanction of Dismissal with Prejudice

While a dismissal with prejudice is one of the harshest sanctions that a Court can impose, it is appropriate "when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, Ltc. v. M/V MONADA, 432 F.3d 1333, 1338 (11th Cir. 2005) (quoting World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)). See also Martin v. Auto. Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335–36 (11th Cir. 2002) (affirming the district court's dismissal with prejudice). Numerous courts have dismissed claims where a party has fabricated evidence or committed perjury. See, e.g., Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989) (affirming dismissal due to the plaintiff's "fraud on the court" in attaching a "bogus agreement" to the complaint); Parcher v. Gee, 8:09-CV-857-T-23TGW, 2016 WL 7446630, at *6–*12 (M.D. Fla. Oct. 19, 2016) (recommending dismissal with prejudice based on the plaintiff's fabrication and filing of a false report); McDowell v. Seaboard

8

Farms of Athens, Inc., No. 95-609-CIV-ORL-19, 1996 WL 684140, at *10 (M.D. Fla. Nov. 4, 1996) (dismissing with prejudice based on the plaintiff's "behavior in fabricating evidence and committing perjury in an attempt to enhance his case"); Vargas v. Peltz, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995) ("Plaintiff's intentional misconduct in presenting false evidence in support of her claims compels dismissal of this case.");

Based on the established case law and VIP Auto Glass's egregious misconduct, as well as its failure to comply with the Court's orders, dismissal with prejudice is justified. VIP Auto Glass's conduct is both contumacious and fraudulent. Further, in the absence of a valid assignment of benefits, VIP Auto Glass had no basis to bring suit in this action. Therefore, nothing short of a dismissal with prejudice is sufficient to remedy this wholly fraudulent action.

### C. Sanction of Attorneys' Fees

GEICO also requests payment of its reasonable attorneys' fees and costs as a sanction. The "assessment of attorney's fees is undoubtedly within a court's inherent power as well." Chambers, 501 U.S. at 45. While parties are generally responsible for their own fees, the Court may shift attorneys' fees where a party has acted in bad faith, or the Court finds "'that fraud has been practiced upon it.'" Id. (quoting Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946)). This allows the Court to compensate an aggrieved party for expenses incurred as a result of the opposing party's bad faith. Goodyear, 137 S. Ct. at 1186. The Supreme Court has been clear, however, that the Court may shift the entirety of a party's fees where, as in Chambers, the entirety of the legal expenses were caused by "'fraudulent and brazenly unethical efforts.'" Goodyear, 137 S. Ct. at 1187–88 (quoting Chambers, 501 U.S. at 58).

In this case, VIP Auto Glass initiated this case in bad faith, relying on a forged assignment of benefits. VIP Auto Glass's fraudulent and brazenly unethical actions are the "but-for" cause of GEICO's attorneys' fees, incurred as a direct result of this action. Therefore, the Court is inclined to award reasonable attorneys' fees and costs to cover GEICO's expenses in defending against this fraudulent action. However, because GEICO has not yet filed any documentation supporting its request for fees and costs, the Court will retain jurisdiction to entertain a separate motion with supporting documentation filed within fourteen (14) days. VIP Auto Glass may—through counsel—file an objection within ten (10) days of the date of GEICO's motion.

### IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Default Judgment and Sanctions, (Dkt. 90), is **GRANTED** to the extent specified herein;
2. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**;
3. This dismissal shall operate as an adjudication on the merits;
4. The **CLERK** is directed to **CLOSE** this case, but the Court will retain jurisdiction to entertain a motion for attorneys' fees and costs with supporting documentation filed within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of January, 2018.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person