**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VIP AUTO GLASS, INC., individually, as assignee, and on behalf of all those similarly situated,**

    Plaintiff,

v.                                                                               Case No: 8:16-cv-2012-T-35JSS

**GEICO GENERAL INSURANCE COMPANY,**

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Defendant's Motion and Supporting Memorandum and Submissions for Attorneys' Fees and Costs ("Motion"). (Dkt. 94)   In the Motion, Defendant seeks to recover $221,275.50 in attorneys' fees and $3,660.99 in costs.  (Id.)  On February 23, 2018, United States Magistrate Judge Julie S. Sneed issued a Report and Recommendation, recommending that Defendant's Motion be granted in part and denied in part.  (Dkt. 95)  Specifically, Judge Sneed recommended that Defendant be awarded $221,275.50 in attorneys' fees and $465 in taxable costs.  (Id.)  Judge Sneed also recommended that Defendant be permitted to present further argument regarding whether its request for $110.00 for copying costs and $2,707.15 for deposition transcript costs were for copies and transcripts necessarily obtained for use in this case.[1]  (Id.)  No objections have been filed to Judge Sneed's Report and Recommendation, and the time to do so has now passed.

---

[1] Defendant presented no additional argument regarding its request for copying costs and

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo,* even in the absence of an objection.  See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 95), is **CONFIRMED** and **ADOPTED** as part of this Order; and

---

deposition transcript costs during the objection period.   Thus, the Court presumes that Defendant has abandoned its claims for these costs.   If the Court has presumed incorrectly, Defendant shall notify the Court.

2. Defendant's Motion for Attorney Fees, (Dkt. 94), is **GRANTED in part and DENIED in part**.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of April, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person